UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

V.  CRIMINAL No. 1:19-cr-00159

ARUN DHAVAMANI

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's Motion to Dismiss (ECF No. 34)[1], and the Response of the United States to Defendant's Motion to Dismiss (ECF No. 37).[2] On August 14, 2019, the court held a pre-trial motions hearing pertaining to the defendant's Motion to Dismiss. Both parties were afforded an opportunity to argue. At the conclusion of the hearing, the court reserved its ruling. For the reasons that follow, the defendant's Motion to Dismiss (ECF No. 34) is **DENIED**.

## ANALYSIS

Defendant, Arun Dhavamani, is charged in a single-count indictment alleging he violated 18 U.S.C. §§ 2423(b) and (e), which states, in pertinent part, that "[a] person who travels in interstate commerce . . . with a motivating purpose of engaging

---

[1] Defendant moves the court to dismiss the indictment against him, which charges defendant with a violation of 18 U.S.C. §§ 2423(b) and (e)—traveling in interstate commerce for the purpose of engaging in illicit sexual activity and attempting to do so.
[2] At the pre-trial motions hearing, the court **GRANTED** the MOTION by United States of America to Accept Response Out of Time (ECF No. 38) for the reasons placed on the record.

in any illicit sexual conduct with another person [shall be guilty of an offense against the United States]."

In his Motion to Dismiss, the defendant contends the statute under which he is charged, 18 U.S.C. § 2423(b), is: (1) unconstitutionally vague; (2) violates his First Amendment rights to free speech; and (3) violates the Eighth Amendment's prohibition against cruel and unusual punishment. (ECF No. 34).

In response to the defendant's motion, the government states that ". . . much of defendant's argument, while cloaked in allegations of constitutional shortcomings of the statute, is simply an argument that the facts of the case do not support a conviction of this particular defendant for the offense charged." (ECF No. 37).

The court agrees with the government's contention that the essence of the defendant's motion is argument of whether the facts of the defendant's case violate 18 U.S.C. §§ 2423(b) and (e), opposed to true issues with the constitutionality of the statute. Nonetheless, the court will analyze below the merits of the defendant's constitutional claims.

### 1. Unconstitutionally Vague Argument

The defendant argues the "statute is unconstitutionally vague because no reasonable person would believe it is possible to commit the crime and not be able to change your mind before

doing anything but driving." (ECF No. 34). This argument fails to demonstrate the statute is unconstitutionally vague.

A statute is not unconstitutionally vague unless it "fails to give ordinary people fair notice of the conduct it punished, or [is] so standardless that it invites arbitrary enforcement." Johnson v. U.S., 135 S.Ct. 2551, 2556 (2015). When determining vagueness, the question "focuses on the intractability of identifying the applicable legal standard, not on the difficulty of ascertaining the relevant facts in close cases." Kolbe v. Hogan, 849 F.3d 114, 149 (4th Cir. 2017); see also U.S. v. Williams, 553 U.S. 285, 305-06 (2008) ("[T]he mere fact that close cases can be envisioned renders a statute vague. That is not so. Close cases can be imagined under virtually any statute. The problem that poses is addressed, not by the doctrine of vagueness, but by the requirement of proof beyond a reasonable doubt. What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes can be proved; but rather the indeterminacy of precisely what that fact is.")

Here, the government explained in its brief, "[t]he statute is clear as to what the illegal activity is—traveling in interstate commerce (i.e., crossing a state line) with the motivating purpose of that travel being to engage in illicit sexual conduct (a term which is specifically defined at 18

3

U.S.C. §2423(f)."  (ECF No. 37, p. 8).  The court agrees with the government and finds a reasonable person of common intelligence would be able to read the law and understand what actions and what mental state are necessary for the commission of the crime.

Therefore, because Sections 2423(b) and (e) give ordinary people fair notice of the conduct it punishes, the defendant's motion to dismiss on the basis that the statute is unconstitutionally vague is denied.

## 2. Free Speech Argument

The defendant's next argument to support his Motion to Dismiss is that the statute infringes on his First Amendment rights because "[he] had the right to pretend to be interested in a 15-year-old girl."  (ECF No. 34).  This argument is also without merit.

"There is no First Amendment right to persuade minors to engage in illegal sex acts." U.S. v. Tykarsy, 446 F.3d 458, 473 (3rd Cir. 2006).  "Speech attempting to arrange the sexual abuse of children is no more constitutionally protected than speech attempting to arrange any other type of crime."  Id. (citing U.S. v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004))

Here, the defendant had no right to converse with the alleged intended victim regarding how they would meet to engage in illicit sexual activity, just as he would have no protected

4

right to plan the commission of any other crime.  Thus, the defendant's argument that Sections 2423(b) and (e) are violative of his First Amendment rights is without merit.

### 3. Cruel and Unusual Punishment Argument

Defendant's final argument is that Sections 2423(b) and (e) violate the Eighth Amendment's cruel and unusual punishment clause.  (ECF No. 34).  Specifically, the defendant argues "[n]o reasonable person could conceive that, absent any other actions, crossing point A to point B could subject him to serious jail time."  Id.

The defendant's argument misconstrues the elements of the instant crime.  "Section §2423(b) does not simply prohibit traveling with an immoral thought, or even with an amorphous intent to engage in sexual activity with a minor in another state.  The travel must be for the purpose of engaging in the unlawful sexual act."  Tykarsky, 446 F.3d at 471(citing U.S. v. Hayward, 359 F.3d 631, 638 (3rd Cir. 2004) (holding that the government must show the criminal sexual act was a dominant purpose of the trip, not a merely incidental one).  Thus, one cannot be convicted of the crime by merely crossing state lines.  To be convicted under Section 2423(b)and (e), the purpose of the travel from "point A to point B," or traveling interstate, must be to engage in sexual activity with a minor.

5

Here, the defendant argues the statute constitutes excessive punishment because it "proscrib[es] criminal penalties for an act (driving across state lines) that could be completely innocent." (ECF NO. 34). This argument is not persuasive because to be convicted under Section 2423(b), the government must prove beyond a reasonable doubt not only that the defendant crossed state lines, but that the defendant did so for the purpose of engaging in an illicit sexual act. Thus, the defendant could not be convicted under the statute unless the jury determines that the defendant crossed state lines for the purpose of engaging in an illicit sexual conduct. This question of fact—i.e., the defendant's motivating purpose of the interstate travel—is appropriate for a jury to determine.

Furthermore, Congress has a legitimate interest in making it a crime for individuals to cross state lines for the purpose of engaging in sexual conduct with minors. The fact that the defendant may not find the elements necessary to satisfy the crime to be not sufficiently egregious is irrelevant and without merit.

Therefore, the court does not find the defendant's argument that Sections 2423(b) and (e) violate the Eighth Amendment's cruel and unusual punishment clause to be persuasive because the crime is not merely "crossing point A to point B." The crime that the defendant is charged with was enacted to prevent

exactly what is factually alleged in the indictment against him—traveling from West Virginia to Virginia for the purpose of engaging in illicit sexual conduct with a minor and attempting to do so.  Thus, if convicted, the defendant would not be punished for merely driving his vehicle across state lines.  The defendant's final argument is without merit.

## CONCLUSION

For the forgoing reasons, the court finds that 18 U.S.C. §§ 2423(b) and (e)—traveling in interstate commerce for the purpose of engaging in illicit sexual activity and attempting to do so—is not unconstitutionally vague, or violative of the defendant's First and Eighth Amendment rights.  Therefore, the defendant's Motion to Dismiss is **DENIED.**

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

IT IS SO ORDERED this 26th day of August, 2019.

**ENTER:**

David A. Faber
Senior United States District Judge