**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BLUEFIELD**

**UNITED STATES OF AMERICA**

v.                                           **CRIMINAL NO. 1:19-00159**

**ARUN DHAVAMANI**

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Arun Dhavamani's Motion for Judgment of Acquittal. ECF No. 79. In considering this motion, the court has also reviewed the United States' responsive memorandum. ECF No. 80. For reasons stated below, defendant's Motion for Judgment of Acquittal is **DENIED**.

**I. Procedural Background**

Defendant was charged in a one-count indictment charging Travel to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. §§ 2423(b) and (e). After a two-day jury trial on November 19-20, 2019, the defendant was convicted. Defendant has moved pursuant to Federal Rule of Criminal Procedure 29(c)(2) for a judgment of acquittal.

Defendant argues that the government failed to present sufficient evidence from which a reasonable jury could find beyond a reasonable doubt that defendant crossed a state line with a motivating purpose to have sex with a minor. Defendant contends that the evidence the government presented was too speculative for a reasonable jury to convict the defendant.

The government responds that the jury's verdict should be affirmed because there is substantial evidence to support the verdict after viewing all of the evidence and the inferences therefrom in the light most favorable to the government. It argues that the conversations between "Ally" and the defendant present sufficient evidence for a reasonable jury to conclude that defendant knew he was talking with a minor, intended to engage in a sexual activity, and crossed state lines with a motivating purpose of doing so.

**II. Factual Background**

On June 1, 2019, defendant Arun Dhavamani travelled from Princeton, West Virginia, to Bluefield, Virginia to allegedly meet and have sex with someone he met on the internet who said she was 15 years old.

Defendant was using an application called Skout. According to its website, Skout "is the developer of a location-based social networking and dating application and website." As noted in its "Terms of Use," Skout is available "only if you are 18 years or older." At some point defendant opened a profile on Skout, pretending to be 29 years old. He connected via the app with "Ally", a woman close to defendant's area whose profile lists her age as 18. "Ally" was in fact an undercover agent.

Defendant and "Ally" initially communicated over the Skout app, but transitioned to communicating over text message. In the course of the text message conversation, "Ally" told the defendant two times that she was 15 years old. Defendant did not respond the first time other than asking to see a picture of "Ally." The second time, he replied "I don't know about age things."

Later, during a recorded phone conversation between defendant and an undercover female agent, the defendant and "Ally" discussed the logistics of meeting up in person. They discussed "Ally's" virginity and whether or not "Ally" "wants to try it," they discussed going to a motel, and they discussed using protection to avoid pregnancy. They decided to meet up that evening in Bluefield, Virginia. After defendant arrived at the meeting point, government witnesses testified that defendant looked around for a few minutes, and when he did not see "Ally" he drove off back the way he had come. Defendant was arrested in Virginia after leaving the agreed meeting point. GPS data presented at trial showed defendant's location that evening travelling from West Virginia to the meeting point in Virginia.

**III. Analysis**

Where a jury has rendered a guilty verdict in a criminal trial, a defendant seeking to have the court overturn that

verdict faces a particularly heavy burden. "In reviewing the sufficiency of the evidence following a conviction, the court is to construe the evidence in the light most favorable to the government, assuming its credibility, and drawing all favorable inferences from it, and will sustain the jury's verdict if <u>any</u> rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." <u>United States v. Penniegraft</u>, 641 F.3d 566, 571 (4th Cir. 2011) (Faber, J.).

    Construing the evidence in the light most favorable to the government, this court must uphold the jury's guilty verdict in this case. Contrary to defendant's argument, there is substantial evidence for a rational trier of fact to conclude that defendant knew he was talking with a minor, intended to engage in a sexual activity, and crossed state lines with a motivating purpose of doing so. It was reasonable for the jury to infer that defendant knew he was communicating with a minor because, even though "Ally's" profile said she was eighteen years old, "Ally" told him she was fifteen two times in the course of their conversation. It was reasonable for the jury to infer he intended to engage in sexual activity with the minor because of their conversations about "Ally's" virginity, staying the night at a motel, and using protection to avoid pregnancy. It was reasonable for the jury to infer that engaging in sexual

4

activity with "Ally" was a motivating purpose of defendant's interstate travel, as defendant did not begin driving from West Virginia to Virginia until after he and "Ally" arranged to meet in Virginia, and no evidence was presented that defendant had any other business he attended to in Virginia that evening. Lastly, it was reasonable for the jury to infer that defendant did actually cross state lines that evening, as defendant's car GPS data showed at trial that defendant was in West Virginia then later was in Virginia, where he was arrested.  Therefore, after reviewing the evidence in the light most favorable to the government, the court must uphold the verdict because a reasonable jury could find all essential elements of the crime charged beyond a reasonable doubt.  Defendant's motion for acquittal is **DENIED.**

    While the court for the above reasons hereby denies defendant's motion for acquittal, the court does wish to express on the record a concern it has:  the court is troubled by the government's tactic of creating federal jurisdiction in this case.  For the offense conduct charged to be a federal crime, interstate travel by a defendant is required.  Here, the undercover agents set the meeting place between the defendant and "Ally" to be just across the West Virginia-Virginia border (the arranged meeting spot was approximately half a mile inside

the Virginia state border). Earlier in the conversation with the defendant, "Ally" had given information that suggested she lived in West Virginia and was presently in West Virginia, but would meet with defendant in Virginia. As far as the court knows, there is no law or policy prohibiting the government and its agents from operating to create federal jurisdiction in this manner, and the underlying conduct would still be a state crime if no interstate travel was present. However, the court is uneasy about this practice, and so expresses its concern with the fairness – fairness to defendants and fairness to individual states deprived of jurisdiction over these crimes - of creating federal jurisdiction as was done here.

    The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

    IT IS SO ORDERED this 28th day of January, 2020.

                          ENTER:

                          David A. Faber
                          Senior United States District Judge