IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:19-00159

ARUN DHAVAMANI

## MEMORANDUM OPINION AND ORDER

Pending before the court is the government's motion for an evidentiary hearing on the issue of manufactured jurisdiction. (ECF No. 133.)  For the reasons that follow, the motion is **GRANTED**.

I.  Background

A single-count indictment charged defendant with Travel to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. §§ 2423(b) and (e).  After a two-day jury trial on November 19-20, 2019, defendant was convicted.  Defendant appealed.

The United States Court of Appeals for the Fourth Circuit reversed and remanded the case.  The appeals court found that this court plainly erred in overlooking Fourth Circuit precedent regarding the "manufactured jurisdiction doctrine," which "prohibits government agents from manipulating events to create the interstate element of a crime 'for the sole purpose of transforming a state crime into a federal crime.'" (See ECF No. 129, at 4-5 (quoting United States v. Davis, 855 F.3d 587, 592 (4th Cir. 2017)).)  Accordingly, the appeals court remanded the

case for this court to make a factual finding as to whether the doctrine of manufactured jurisdiction applies. The essential question for the court to answer on remand is whether the government agents here "suppl[ied] the interstate element for the sole purpose of creating federal jurisdiction." (Id. at 5.)

**II. Analysis**

The government contends that an evidentiary hearing is appropriate to help the court resolve this factual issue on remand. Defendant disagrees, contending that an evidentiary hearing is both inappropriate and unnecessary. The court concludes that an evidentiary hearing is both appropriate and necessary.

The government argues that the issue of manufactured jurisdiction was never squarely before the court; accordingly, the government did not have occasion to make its best case that the government agents here had motivations other than creating federal jurisdiction when they moved the meeting location from West Virginia to Virginia. As a notable example, the government contends that because defendant did not invoke the manufactured jurisdiction doctrine and move for dismissal, the government had no occasion to call the agent in charge of the undercover investigation. The government further contends that it would be extraordinary to make a factual finding that will determine

2

whether a jury verdict stands on a cold record that lacks highly relevant evidence.

Defendant contends that an evidentiary hearing would be outside the appeals court's mandate. Defendant reads the lack of an explicit imperative to hold an evidentiary hearing as a restriction on the court's authority to do so. Defendant also resists the notion that the government had no occasion to create a full record on the issue of manufactured jurisdiction, pointing to the ways in which the issue arose and to the court's comments regarding the laudability of the government's conduct. Defendant says that because the court was obviously "concerned about the matter," the request for an evidentiary hearing should be construed, at this stage, as an attempt to "bootstrap the record." (ECF No. 134, at 5.)

Defendant further contends that all relevant evidence is already in the record because those who made the decision to change the meeting location already testified. Defendant faults the government for not seeking on redirect to further question the officer who testified on cross that the decision to change the meeting place was for the sole purpose of creating a federal case. Defendant characterizes the government's decision as "strategic" and says that the government must "live with the consequences of its decision." (ECF No. 134, at 7.)

As an initial matter, the court finds that an evidentiary hearing on the issue of manufactured jurisdiction would be helpful.  Neither in pretrial, trial, or post-trial proceedings was this issue squarely before the court.  As the appeals court rightly noted, the court had overlooked the body of Fourth Circuit law holding that government agents may not take action to create federal jurisdiction in certain circumstances.  But those circumstances are quite limited.  The <u>sole</u> purpose for the action that creates the interstate nexus must be to create federal jurisdiction.  This standard is narrower than what the court may consider laudatory, which was the standard that informed the court's comments regarding manufactured jurisdiction.  The court did not have an opportunity to evaluate the evidence and weigh credibility with the appropriate legal standard in mind.

What is more, the court must divine the subjective, collective intent of a team of government agents working on the investigation leading to this case.  And according to the government, there is a key witness to the completion of this task whom the government reasonably chose not to put before the jury.  Had defendant properly raised the issue of manufactured jurisdiction, the court, not the jury, would have received and weighed the evidence in a hearing.  It is unreasonable to expect

4

the government to have put all evidence pertinent to this issue before the jury when the defendant failed to invoke the manufactured jurisdiction doctrine and move for dismissal.

The issue, then, is whether an evidentiary hearing is beyond the mandate of the appeals court.  Upon remand, district courts must implement the mandate both in "letter and [in] spirit" with due consideration of the appeals court's "opinion and the circumstances it embraces."  United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993).

> Few legal precepts are as firmly established as the doctrine that the mandate of a higher court is controlling as to matters within its compass.  Indeed, it is indisputable that a lower court generally is bound to carry the mandate of the upper court into execution and [may] not consider the questions which the mandate laid at rest.  Because this mandate rule is merely a specific application of the law of the case doctrine, in the absence of exceptional circumstances, it compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.

Id. (citations and quotation marks omitted).

The appeals court has directed this court to make a factual finding.  It neither explicitly required nor explicitly prohibited an evidentiary hearing.  Under these circumstances, it is within the letter and spirit of the mandate to hold an evidentiary hearing.  It is more likely that the appeals court implicitly left the necessity and appropriateness of an

5

evidentiary hearing to the court's discretion than that the appeals court implicitly prohibited an evidentiary hearing. See United States v. Harcum, 457 F. App'x 343, 344 (4th Cir. 2011) ("Our direction to the district court on remand left the scope of the resentencing to the discretion of the court."); United States v. Campbell, 168 F.3d 263, 267 (6th Cir. 1999) ("A limited remand must convey clearly the intent to limit the scope of the district court's review.").

### III. Conclusion

For the reasons stated above, the court **GRANTS** the government's motion for an evidentiary hearing and sets such a hearing for **January 10, 2022,** at 2:30 p.m. in Bluefield.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

**IT IS SO ORDERED** this 18th day of November, 2021.

ENTER:

David A. Faber
Senior United States District Judge